UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LENNARD AL MENDOZA,

        Petitioner,

v.

J. GASTELO, Warden,

        Respondent.

No. CV 18-40 SJO (FFM)

ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

## I. INTRODUCTION

On or about January 3, 2018, petitioner Lennard Al Mendoza, a California prisoner proceeding *pro se*, filed a petition for writ of habeas corpus (the "Petition" or "Pet.") pursuant to 28 U.S.C. § 2254. Petitioner attacks a decision of the California Board of Parole Hearing ("BPH") denying him parole. Specifically, petitioner argues that:

(1) the BPH wrongfully denied parole on the basis of his past drug use and other factors allegedly having no bearing on his current dangerousness;

(2) the BPH did not give adequate weight to the fact that he was under 23 at the time of the commitment offense (second degree murder); and

(3) the BPH wrongfully failed to set a base term and adjusted based term in

///

accordance with a December 2013 stipulated order in *In re Butler*, Cal. Ct. Appeal No. A139411.

Petitioner contends that the BPH thereby violated his due process rights and subjected him to cruel and unusual punishment. (Pet. Mem. at 3-4, 7.) The Court finds that summary dismissal is warranted.

## II.  ANALYSIS

Petitioner's due process claim is plainly lacking in merit. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Thus, the beginning and the end of a federal habeas court's inquiry into a parole determination is whether the petitioner received all due process during the proceedings. *Id.* Due process in the parole context simply requires that the petitioner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*

Here, petitioner does not assert that he was never given an opportunity to be heard. Nor does he claim that the BPH did not inform him of its reasons for denying parole. In fact, the hearing transcript petitioner attaches to the Petition reflects that he spoke at length during the hearing and was told why the BPH denied parole. (*See* Attach. A to Pet.) Therefore, on the face of the Petition, summary dismissal of petitioner's due process claim is warranted.

Petitioner's Eighth Amendment claim is equally meritless. Petitioner asserts that if an inmate was under 23 at the time of the commitment offense, California law requires that the BPH give "great weight" to factors pertinent to juvenile offenders, such as diminished culpability. (Pet. Mem. at 13.) Petitioner contends that the BPH only gave "lip service" to this requirement. (*Id.*) Such alleged violations of state law are not cognizable on federal habeas review. *See Estelle v. McGuire* , 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas

corpus relief does not lie for errors of state law" (internal quotation marks omitted)).

Petitioner further asserts that the Supreme Court prohibits states from sentencing juveniles convicted of "serious crime[s]" to life without the possibility of parole. (Pet. Mem. at 4.) Petitioner entirely mischaracterizes the Supreme Court's recent juvenile sentencing precedents. In *Roper v. Simmons*, 543 U.S. 551, 575 (2005), the Supreme Court held that the death penalty cannot be imposed on juvenile offenders. In *Graham v. Florida*, 560 U.S. 48, 75 (2010), the Supreme Court held that the Eighth Amendment is violated when juveniles convicted of *non-homicide offenses* are sentenced to life imprisonment without a meaningful opportunity to obtain release. Neither *Roper* nor *Graham* applies herein. Petitioner was convicted of a *homicide* offense, and he was not sentenced to death.

In *Miller v. Alabama*, 567 U.S. 460, 465 (2012), the Supreme Court held that the Eighth Amendment prohibits the imposition of mandatory life imprisonment without parole for those *under the age of 18* at the time of their commitment offenses. Petitioner was 23 at the time of his offense. Accordingly, *Miller* does not apply either.

Petitioner appears to argue that California courts have extended the foregoing Supreme Court precedents to apply to persons, such as petitioner, who (1) were over the age of 18 at the time they committed homicide offenses; and (2) whose sentences include the possibility of parole, but who have been denied parole multiple times. (*See* Pet. Mem. at 13-14.) This argument is unavailing. As relevant, habeas relief may only be obtained for the unreasonable application of clearly-established federal law, defined as controlling Supreme Court precedent. 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 402 (2000). Petitioner's state court authorities are therefore inapposite.

Finally, petitioner's claim that the BPH violated state law by failing to set a base term and adjusted base term is not cognizable herein. *See Estelle*, *supra*; *see*

3

*also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

### III. CONCLUSION

In sum, the Court finds that the claims raised in the Petition are plainly meritless and there is no possibility that petitioner can obtain relief on the grounds presented. Accordingly, the petition is DISMISSED without prejudice. A certificate of appealability is denied.

Let judgment be entered accordingly.

IT IS SO ORDERED.

DATE: January 12, 2018

_____
S. JAMES OTERO
United States District Judge

Presented by:

   /S/ Frederick F. Mumm
FREDERICK F. MUMM
United States Magistrate Judge